UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 22-CR-20519
                                              HON. PAUL D. BORMAN

v.

KARAMOH TURNER

        Defendant.

_____/

**MOTION TO REVOKE ORDER OF DETENTION**

      NOW COMES Karamoh Turner, through counsel, Robert F. Kinney, and requests this Honorable Court pursuant to 18 U.S.C. § 3145(b), revoke the Order of detention issued by Magistrate Judge Kimberly G. Altman, United States Magistrate for the Eastern District of Michigan, on November 8, 2022. Mr. Turner requests this Court issue Mr. Turner a personal recognizance bond with appropriate conditions pending resolution of this matter pursuant to 18 U.S.C. § 3142(a). In support of his motion Mr. Turner states as follows:

      1.     Mr. Turner is charged in a two-count Indictment with: one count of Kidnapping Conspiracy in violation of 18 U.S.C. § 1201(a)(1) and (c); and one count of Kidnapping, Aiding and Abetting in violation of 18 U.S.C. § 1201(a)(1). Mr. Turner is also charged in a two-count

1

        Indictment before the Honorable David M. Lawson in Case No. 22-cr-20596 with: one count of wire fraud in violation of 18 U.S.C. § 1343; and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

2.    A detention hearing was held before Magistrate Judge Kimberly G. Altman on November 8, 2022. Judge Altman ordered Mr. Turner detained pending trial. Given this, Mr. Turner consented to detention in Case No. 22-cr-20596. It is Counsel's intention to file a Motion to Revoke the Consent Order of Detention before the Honorable David M. Lawson should this Court grant Mr. Turner's motion for revocation of the detention order in this case.[1]

3.    The charged offenses do not carry a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(E). *See United States v. Ouedraogo*, 2009 WL 3270076, *5, n.4 (W.D. Mich. Oct. 8, 2009). As such, it is the government's burden to show that no condition or combination of conditions will reasonably assure Mr. Turner's

---

[1] Notably, the government would likely not have a basis to request a detention hearing in Case No. 22-cr-20596, as Mr. Turner is neither charged with a qualifying offense pursuant to 18 U.S.C. § 3142(f)(1)A), nor can the government show evidence of the qualifying circumstances under 18 U.S.C. § 3142(f)(2).

appearance as required and the safety of any other person and the community.

4. Mr. Turner is neither a flight risk nor a threat to the community. Notably, Pretrial Services recommended Mr. Turner's release.

5. Consideration of the 18 U.S.C. § 3142(g) factors warrant Mr. Turner's release. Mr. Turner is a 21-year-old high school graduate with college experience, a history of verifiable employment, and a stable support system within the Eastern District of Michigan. Mr. Turner has never been incarcerated, has a minimal, non-violent criminal history, and has never been subjected to the serious conditions this Court may impose.

6. If released, Mr. Turner will reside with his grandmother, Longina James, in Detroit, Michigan. Ms. James agrees to serve as Mr. Turner's third-party custodian should the Court find such condition necessary. *See* 18 U.S.C. § 3142(c)(1)(B)(i).

7. There are additional conditions this Court can impose to assure Mr. Turner's appearance and the safety of the community, including but not limited to home detention with GPS monitoring or home incarceration.

8. Counsel for the government does not concur in this motion. *See* LR 7.1.

WHEREFORE, Mr. Karamoh Turner respectfully requests that this Court revoke the Order of Detention and release him on bond with conditions the Court deems necessary. Special conditions may include requiring him to reside with his grandmother, who agrees to serve as Mr. Turner's third-party custodian, and GPS monitoring.

        Respectfully submitted,

        /s/ *Robert F. Kinney*
        Robert F. Kinney (P35842)
        Attorney for Defendant
        615 Griswold Street, Suite 1300
        Detroit, MI  48226
        (313) 963-5310
        rfkinney@sbcglobal.net

Dated: December 14, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,        Case No. 22-CR-20519

              HON. PAUL D. BORMAN

v.

KARAMOH TURNER

   Defendant.

              /

## BRIEF IN SUPPORT OF MOTION TO REVOKE ORDER OF DETENTION

  Mr. Karamoh Turner is a 21-year-old young man who has been detained—for the first time in his life—since November 3, 2022. The government charged Mr. Turner with one count of Kidnapping Conspiracy in violation of 18 U.S.C. § 1201(a)(1) and (c); and one count of Kidnapping, Aiding and Abetting in violation of 18 U.S.C. §§ 1201(a)(1), 2.[2] Mr. Turner is not subjected to a rebuttable presumption of detention.

---

[2] Mr. Turner is also charged in a two-count Indictment before the Honorable David M. Lawson in Case No. 22-cr-20596 with: one count of wire fraud in violation of 18 U.S.C. § 1343; and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

5

Because Mr. Turner is neither a flight risk nor a danger to the community, he respectfully requests this Court revoke the detention order and impose any conditions of pretrial release the Court deems necessary.

## I. LEGAL STANDARD

The default position of the law is that a defendant is to be released pending trial. *United States v. Stone*, 608 F.3d 939, 943 (6th Cir. 2010). Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial. *United States v. Orta*, 760 F. 2d 887, 891 (8th Cir. 1985). A defendant may be detained pending trial only if the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. §3142(f). Except when the defendant is charged with a handful of offenses, the government bears the burden to show by a preponderance of the evidence that there is risk the person will not appear or, by clear and convincing evidence, that he is a danger to other people or the community and that no condition or combination of conditions will adequately protect them. *Id.* § 3142(e); *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). The government cannot meet either burden in this case.

## II. ANALYSIS

The Court considers the following factors in deciding whether a person is not likely to flee or pose a danger to the safety of the any other person or the community: (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

### a. Nature and Circumstances of the Offense

Mr. Turner does not attempt to negate the seriousness of kidnapping charges. However, it is important to remember this is only one of several factors the Court must consider, and the Court may impose several conditions to mitigate any concerns.

### b. The Weight of the Evidence

Courts must consider "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Outside of the instant allegations, of which Mr. Turner is presumed innocent, there is nothing in Mr. Turner's personal history that suggests that *no* condition or combination of condition could mitigate any concern the Court may have.

### c. History and Personal Characteristics

The third factor requires the Court to consider Mr. Turner's history and personal characteristics, which includes Mr. Turner's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol

7

abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Mr. Turner is 21 years old. He is a lifelong resident of the Detroit area. He is a high school graduate and attended some college. Mr. Turner has a verifiable employment history. He has a very supportive family. If released, Mr. Turner will reside with his grandmother, Longina James, who also agrees to be a third-party custodian should the Court find that condition necessary.

### d. Nature and seriousness of the danger to any person or the community that would be posed by the defendant's release

The final factor the Court must consider is the "nature and seriousness of the danger … to the community that would be posed by [Turner's] release." 18 U.S.C. § 3142(g)(4). Consideration of this factor encompasses much of the analysis set forth above, but it is broader in scope as it requires the Court to engage in an open-ended assessment of the "seriousness" of the risk to public safety. In other words, in assessing the seriousness of the danger to the community, "courts look to more than whether or not the defendant himself has been guilty of physical violence," but also the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

The allegations in this case are serious, but the Court must consider that Mr. Turner is only 21 years old and has no history of violence. He has never been subjected to the level of supervision this Court can impose, and there is no indication

8

that Mr. Turner would not abide by any and all conditions set by this Court. The government cannot meet its burden that there are *no* conditions or combinations of conditions that could mitigate any concern the Court may have, especially considering that the Court could impose a condition as serious as home detention with GPS monitoring, which would restrict Mr. Turner to his grandmother's home with the exception of pre-approved outings.

### III.   CONCLUSION

For all the foregoing reasons, Mr. Turner requests this Honorable Court grant him release with any conditions the Court deems necessary pending the resolution of this matter.

Respectfully submitted,

/s/ *Robert F. Kinney*
Robert F. Kinney P35842
Attorney for Defendant
615 Griswold Street, Suite 1300
Detroit, MI  48226
(313) 963-5310
rfkinney@sbcglobal.net

Dated: December 14, 2022