**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 22-CR-20519
                                              HON. LAURIE J. MICHELSON

v.

KARAMOH TURNER

       Defendant.

_____/

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION

Karamoh Turner should be released on bond and allowed to return to his family pending the resolution of this matter. The government fails to demonstrate by clear and convincing evidence that no combination of conditions will reasonably assure the protection of the public. The government does not discuss whether it believes Mr. Turner to be a flight risk—which he is not. Instead, much of the government's response emphasizes the allegations against Mr. Turner and rehashes the magistrate judge's decision, but this Court is tasked with reviewing Mr. Turner's bond eligibility *de novo*. *United States v. Jiminez-Lopez*, No. 18-MJ-30320, 2018 WL 2979692, at *2 (E.D. Mich. June 14, 2018). Indeed, Mr. Turner disputes much of the government's characterization of the facts alleged in this case.

1

Incarceration pending resolution of this matter is unnecessary in this case, and Mr. Turner should be released with appropriate conditions.

### I. Mr. Turner is Not a Danger to the Community

The government places significant weight on the dangerousness of the underlying allegations and charges. But this Court is well aware that defendants are presumed innocent until proven guilty, and Mr. Turner is entitled to this presumption. Though Mr. Turner is indeed charged with a serious offense, the merits of the case will be weighed through court proceedings, and he is motivated to fight the charges he is facing. Though Mr. Turner is facing a maximum life sentence, there is no rebuttable presumption for his specific charged offense, and so, the Bail Reform Act still presumes his release.

The Court should give little weight to the government's conclusory assertions that Mr. Turner is "violent when he possesses firearms, particularly against women," and "violent when retaliating against those he has deemed a threat to the 1125 Gang", ECF No. 90, PageID.408. Again, Mr. Turner has no history of violent convictions, and is presumed innocent of the instant allegations. Further, the Court should give little weight to the government's description of the 1125 Gang's "propensity for violence and retaliation." *Id.* at PageID.414. This says little about *Mr. Turner* and whether there are conditions this Court could impose for *him* to follow.

### II. There are combinations of conditions to reasonably assure the safety of the community

Despite the government's concession that Mr. Turner has "little criminal convictions," ECF No. 90, PageID.409, it still claims there is no combination of conditions that will reasonably assure the safety of the community; specifically, witnesses and victims in this case. There is no indication in Mr. Turner's history that there is *no* combination of conditions that will assure the safety of the community or the victims or witnesses in this case. Conditions like home confinement, a GPS tether, and a third-party custodian will alleviate any concerns the Court may have about the safety of the community. These conditions will allow the Court to monitor Mr. Turner's location.

The seriousness of the charged offenses is not this Court's sole consideration. Rather, this Court considers Mr. Turner's lack of any violent criminal history, no serious history of substance abuse, his verifiable employment, and that there is a suitable third-party custodian. Should the Court have any further concerns, they are mitigated by the availability of stricter conditions including home confinement.

### III. CONCLUSION

For all the foregoing reasons, Mr. Turner requests this Honorable Court grant him release with any conditions the Court deems necessary pending the resolution of this matter.

          Respectfully submitted,

          /s/ *Robert F. Kinney*
          Robert F. Kinney P35842
          Attorney for Defendant
          615 Griswold Street, Suite 1300
          Detroit, MI  48226
          (313) 963-5310
          rfkinney@sbcglobal.net

Dated: January 4, 2023