1          **UNITED STATES DISTRICT COURT**
           **EASTERN DISTRICT OF MICHIGAN**
2               **SOUTHERN DIVISION**

3

4   **UNITED STATES OF AMERICA,**

5                 Government,

6                                    **HONORABLE LAURIE J. MICHELSON**
        v.
7                                    **No. 22-20519**

8   **D1: CORTEZ BLAKE,**
    **D2: KARAMOH TURNER and**
9   **D7: NASIR LEWIS,**

10                Defendants.
    _____/

11

12                  **JURY TRIAL - VOLUME 8**

13                      **(VERDICT)**

14       **Detroit, Michigan -- Monday, August 12, 2024**

15

    **APPEARANCES:**
16

    **David Patrick Cowen, Esq.**        **Jerome Sabbota, Esq.**
17  U.S. Attorney's Office (Detroit)   Ribitwer & Sabbota
    211 West Fort Street, #2001        26862 Woodward Ave., Ste. 200
18  Detroit, Michigan 48226            Royal Oak, Michigan 48067
    Tel: (313) 226-9100                Tel: (248)543-8000
19  david.cowen@usdoj.gov              contact@ribitwersabbota.com
    *On behalf of Government*          *On behalf of Cortez Blake*
20

21
    **Jeanine Brunson, Esq.**            **James W. Amberg, Esq.**
22  U.S. Attorney's Office (Detroit)   Amberg and Amberg, PLLC
    211 West Fort Street, #2001        32121 Woodward Ave., Ste. 305
23  Detroit, Michigan 48226            Royal Oak, Michigan 48073
    Tel: (313) 226-9597                Tel: (248) 681-6255
24  jeanine.brunson@usdoj.gov          jamberg@amberglaw.net
    *On behalf of Government*          *On behalf of Karamoh Turner*
25

1                           **TITLE, (Cont.)**

2

3
   **APPEARANCES, (Cont.):**
4
   **Gerald J. Gleeson, II, Esq.**
5  Miller, Canfield, Paddock
   & Stone, PLC
6  840 W. Long Lake Road, #200
   Troy, Michigan 48098-6358
7  Tel: (248) 267-3296
   gleeson@millercanfield.com
8  *On behalf of Nasir Lewis*

9

10

11

12

13

14

15

16

17

18

19

20                        -    -    -

21
               To Obtain A Certified Transcript, Contact:
22        **Nefertiti A. Matthews, Official Court Reporter**
             **Theodore Levin United States Courthouse**
23               **231 West Lafayette Boulevard**
                  **Detroit, Michigan  48226**
24    **www.transcriptorders.com • jodi_matthews@mied.uscourts.gov**

25          Proceedings recorded by mechanical stenography.
           *Transcript produced by computer-aided transcription.*

**Jury Trial**
**Monday, August 12, 2024**


**I   N   D   E   X**

**-   -   -**

<u>Hearing:</u>                                          <u>Page:</u>  <u>Vol.:</u>

*Jury Question #1*  ................................*4*      *8*

*Jury Queston #2*  ................................*20*     *8*

*Jury Question #3*  ................................*23*     *8*

**Jury Verdict**  ................................**25**     **8**

Polling of the Jury ............................27      8


Certification of Reporter ......................32

<u>Exhibits:</u>

None

1                          **Detroit, Michigan**

2                          **Monday, August 12, 2024**

3                          **10:58 a.m.**

4                          **-   -   -**

5          **THE CLERK:**  The court calls Case Number 22-20519; <u>The</u>

6    <u>United States of America versus Cortez Blake, Karamoh Turner</u>

7    <u>and Nasir Lewis</u>.

8        Counsel, please state your appearances, for the record.

9          **MR. COWEN:**  Good morning, Your Honor.  David Cowen

10   and Jeanine Brunson, on behalf of The United States.

11          **THE COURT:**  Good morning.

12          **MR. SABBOTA:**  Good morning.  Jerome Sabbota, on

13   behalf of Mr. Blake.

14          **MR. AMBERG:**  And good morning, Your Honor.  It's good

15   to see you.  It's Jim Amberg, on behalf of Mr. Turner.

16          **MR. GLEESON:**  And Gerald Gleeson, on behalf of

17   Mr. Lewis, Your Honor.  Thank you.

18                        **Jury Question #1**

19          **THE COURT:**  All right.  Thank you.  Good morning,

20   everyone.  Nice to see you all.  We have a note from the jury;

21   more of a statement than a note.  But I think we will all

22   appreciate what they're asking for.

23        The note says, quote:  **"Overt acts listed in the**

24   **indictment."**  End quote.

25        So, we had this discussion when we were working on the

1    jury instructions because the Government did include the overt

2    acts in connection with Sixth Circuit Pattern Instruction 3.04,

3    which defines the overt acts.  The defendants wanted them taken

4    out.  The Pattern Instruction doesn't indicate whether you

5    should include them or not include them.  We did not include

6    them and so now the jury has asked about them.

7        So, what are your thoughts in terms of responding here?

8    For the Government.

9        **MR. COWEN:**  Judge, we would ask that they are given

10   the overt acts.  I was worried about this because it does say

11   as listed in the indictment and they never got the indictment.

12   But if -- my understanding is Defendant's initial concerns was

13   that it looked like allegations in the first batch.  But now

14   that they specifically asked for them, I think it's probably

15   appropriate.

16       **THE COURT:**  And that might be the way that this

17   typically gets resolved is that the jury has the indictment and

18   here because I tend to do the summary and not read the entirety

19   of the indictment to them they don't have that the way they

20   often would.

21       So, what's the Defense feeling here?

22       **MR. SABBOTA:**  Our position, Your Honor, we just, I,

23   guess, give them the indictment.

24       **THE COURT:**  Now, would you want it redacted to remove

25   the defendants who didn't go to trial or let them see the

1    entirety?

2            **MR. SABBOTA:**  No, I think they should see the

3    entirety.

4                            (Brief pause.)

5            (Defense Counsel discussing together)

6            **MR. SABBOTA:**  Maybe I'm wrong.  I've been wrong

7    before.

8            **THE COURT:**  We have an extra copy if you want to take

9    a look at it.

10           **MR. SABBOTA:**  May I just see it for a second?  May I

11   come up for a minute?

12           **THE COURT:**  Sure.

13           **MR. SABBOTA:**  Thank you.

14                           (A brief pause)

15           **THE COURT:**  Let me just ask the Government.  If at

16   the beginning I did say I was going to give the jury the

17   indictment or in lieu of the summary say I'm going to read the

18   indictment because it's not terribly long, would we have

19   redacted the portions that pertain to the other defendants or

20   would we have left those in?

21           **MR. COWEN:**  I'm not sure.  It probably just depends

22   on everyone.  I mean, the verdict forms say their defendant

23   number, so it goes 1, 2, 7, so the jury's --

24           **THE CLERK:**  We took it out.

25           **MR. COWEN:**  Oh, you did?

 1              **THE CLERK:**  Yes.

 2         **MR. COWEN:**  Okay.  I don't --

 3         **MR. AMBERG:**  Don't you think that would have been --

 4    I feel like in the past those were cleaned up because if you

 5    do, like, a case of 40 defendants in it, you clean it so you

 6    just see the people that's on trial at the time, right?

 7    Doesn't that make sense?

 8         **MR. COWEN:**  I mean, the difference is at least for

 9    the overt acts those people are still -- have been referenced

10    and so if we want to do the overt acts without their defendant

11    number just so that it lists people, because then it's just

12    like identifying as possible co-conspirators, that's fine so

13    then they don't know -- because right now it lists, you know,

14    like: "D1 did this;" "D2 did this;" "D3 did this."  And if

15    that's the concern, we can get rid of their defendant number.

16    But I think the jury should still hear, "Semaj Ayers did this

17    this," because they can still find a member of the conspiracy

18    did something they've heard about.

19         So, I don't have a particular preference or mind if we

20    redact out defendant number to indicate other people have been

21    charged.  I mean, there is that instruction that says the fact

22    that other people may be charged is not something you should

23    consider.  I'm also just fine if we just basically give them a

24    Word document of basically what the Government's initial jury

25    instruction proposal was.

**22-20519; United States of America v. Cortez Blake, Et Al**

**Jury Question #1**
**Monday/August 12, 2024**

8

```
 1          THE COURT:  Remind me, did you list everybody?  Did
 2   you list all the overt acts?
 3          MR. COWEN:  We cut and pasted from the indictment the
 4   overt acts.
 5          THE COURT:  1 through 6?
 6          MR. COWEN:  And if it's redacted The Court can just
 7   give an instruction that says:  "Do not concern yourself with
 8   any redacted portion."
 9          THE COURT:  Well, I guess I'm asking because if we
10   were -- if we had redacted it, let's say, at the beginning and
11   we only were going to read the portions that pertain to these
12   three defendants, then I might be inclined in the note to just
13   rewrite Paragraphs one, two, three and five and say the -- I'd
14   probably copy this entire section:  Overt acts in furtherance
15   of the conspiracy and to affect the objects thereof the
16   following overt acts among others were committed -- or the
17   indictment alleges the following.  And then rewrite -- or we
18   could just, I guess, rewrite that portion onto this note.
19          MR. COWEN:  For the entirety or just -- I think we --
20   the Government's position they should get all six, not just the
21   ones that list only these three because --
22          THE COURT:  Okay.  That's why I'm asking whether you
23   think initially it would have been redacted or not because if
24   it would have been redacted or not then I wouldn't give them
25   all six.  But you think at the beginning we would have just
```

**Jury Question #1**
**Monday/August 12, 2024**

1   given them the entirety of the indictment, would that have been

2   the Defendants' understanding?

3          **MR. AMBERG:**  I think -- I mean, correct me if I'm

4   wrong, I would think to answer that question for the jury that

5   we provide them the acts that pertain to the defendants in this

6   trial and not, you know, as Your Honor just indicated the

7   numbers of the paragraphs that involve the defendants here.

8   Because otherwise it adds to, sort of, you know, a whole new

9   dynamic.

10         **MR. COWEN:**  And, Judge, our position would just be

11  because it's a conspiracy that can involve un-charged

12  individuals.  For instance, there's a paragraph that says:

13  "Maijah Green and Shantonnia Kimbrough were called over."

14  That's a specific piece of evidence that they heard that the

15  jury can find, yes, that happened.

16         **THE COURT:**  Well, that's not in the overt acts -- oh,

17  yes -- was in four, okay, yes.  Because really it's Paragraphs

18  Four and Six.

19         **MS. BRUNSON:**  Four and Six?  We don't have a copy in

20  front of us, The Government.

21         **THE COURT:**  Oh, Four involves Ayers, Greene and

22  Kimbrough; and then Six is Williams.

23         **MS. BRUNSON:**  Okay.  So, is what The Court is going

24  to entertain is excising or redacting Paragraphs Four and Six?

25         **THE COURT:**  Well, I guess that's the question.

1  Sounds like both sides are in agreement that we should provide

2  the jury with the overt acts that are referenced in the

3  indictment.  The question is, should we provide all of them or

4  only the overt acts that pertain to these three defendants?

5          **MR. AMBERG:**  And it will be Mr. Turner's position

6  one, two, three and five I think are the ones that pertains to

7  these defendants?

8          **THE COURT:**  Yes.

9          **MR. AMBERG:**  Then that would be fine.

10          **MR. SABBOTA:**  And we'd ask, "The Victim," be taken

11  out and say, "Taliyah Jackson".

12          **MR. AMBERG:**  Yes.

13          **MR. GLEESON:**  And my primary concern, Your Honor, is

14  that The Court emphasize that these are allegations, the

15  indictment is allegations.

16          **THE COURT:**  Yes.  I think I would say, "The

17  indictment alleges the following."

18          **MR. GLEESON:**  And, "The Government has the burden of

19  proving the existence, beyond a reasonable doubt," or something

20  like that would be at my request.

21          **MR. COWEN:**  At least one.  And that's -- what -- we

22  discussed this a little bit last time is the language.  I'm

23  fine with the allegations and the Government's burden, but I

24  think it should be consistent with the commentary of overt

25  acts:  "The Government must, prove beyond a reasonable doubt,

 1    at least one of the following alleged overt acts occurred."

 2         And it's specifically in the evidence that, for instance,

 3    Paragraph Four, the jury could find took place in furtherance

 4    of the conspiracy.  And so by removing some of the overt acts,

 5    I don't think that would be appropriate.  They specifically

 6    heard what these two individuals did.

 7              **THE COURT:**  Do you-all have, I'm just wondering if

 8    you took the Government's proposed instruction initially, which

 9    was just the Pattern Instruction, the first three paragraphs

10    come right from Sixth Circuit Pattern Instruction 3.04 --

11              **MS. BRUNSON:**  Are you speaking to the instructions

12    for overt acts?

13              **THE COURT:**  Yes.

14              **MS. BRUNSON:**  Okay.  Yeah, we have that.

15              **THE COURT:**  And so your proposed instruction had the

16    Pattern Instruction and then you added -- the next section

17    comes right from the indictment.

18              **MS. BRUNSON:**  Correct.

19              **THE COURT:**  And what is if I gave this to the jury

20    but without Paragraphs Four and Six?

21              **MR. GLEESON:**  I still think the way the language is

22    written, as I recall it, above the specific acts.  It seem to

23    suggest that those exist.  And the instruction coming from The

24    Court create, kind of, the parameter of a legitimacy that the

25    acts -- it seems to me that it remove the burden of proving the

 1   acts the way it was written.

 2          **MS. BRUNSON:**  The Government disagrees with that.

 3   The way the instructions were originally read is that it was

 4   listed in the indictment.  You're just giving what was listed

 5   in the indictment.

 6          **THE COURT:**  Well, we could just put in front of this

 7   last paragraph -- or maybe we don't give them the whole thing,

 8   maybe we go back to giving them just this last paragraph:  "The

 9   indictment alleges the following . . .", that's just a fact,

10   "The indictment alleges the following . . .".  And then we add

11   in:  "The Government is only required to prove beyond a

12   reasonable doubt one overt act committed in furtherance of the

13   conspiracy," which is from the Pattern Instruction.

14          **MR. COWEN:**  And we would ask that all of the

15   paragraphs be included, even the ones that aren't named to

16   these defendants because by the very terms it says:  "The

17   Government must prove at least one of these acts was committed

18   by a member of the conspiracy."  And so the jury can easily

19   find another member of the conspiracy did one of these acts.

20   It doesn't have to be these individuals.  So, I think it would

21   be a misstatement of the law to remove those two paragraphs.

22          **MS. BRUNSON:**  And in keeping with that, Your Honor, I

23   think it would be one situation if the jury didn't hear any of

24   these names during the course of the Government's Case in

25   Chief.  That is certainly not the case.  They heard all of

1    these defendants' names.  They certainly heard:  Maijah Greene;

2    they heard Shantonnia Kimbrough; they heard Semaj Ayers and

3    Armond Williams.  There are pictures of them that were admitted

4    as exhibits.  So, I think it's imperative that all of the overt

5    acts are included.

6              **THE COURT:**  All right.  On the Defense side?

7         **MR. AMBERG:**  I mean, it does -- part of the problem

8    is that, you know, this jury is going to see that and go,

9    "Okay, these people are now part of this conspiracy?"  And I

10   have a problem with that, Your Honor.  If they were sitting

11   here going to trial, I would not have a problem with it.  But

12   because they're not here, I think it leads to confusion.  It

13   leads to the jury asking more questions about:  Who are -- why

14   are these people are?  Are they supposed to be here?  It's just

15   -- it's a lot easier to just say:  One, Two, Three and Five

16   because those are the ones that pertain -- that were heavily

17   concentrated in this case to the defendants that are actually

18   at the trial.

19             **THE COURT:**  So, is your view that if at the beginning

20   we all agreed:  "We don't want you to do a summary of the case,

21   we want you to read the indictment to the jury," which is often

22   done, that we would not have read the entire indictment, even

23   though it's a conspiracy and everybody is charged as part of

24   the conspiracy?

25             **MR. AMBERG:**  I would say this, Judge, just antidotal

1   evidence from other trials I've done.  That when you get down

2   to the end of it now you're providing the jury with a,

3   sometimes, like, a redacted indictment at the end to have them

4   take it back, not all the overt acts go back with them that are

5   on the original indictment.

6       So, I would say maybe that would not have been a problem

7   if all these acts are read in the beginning.  Although I would

8   have probably made that same objection and said, you know, the

9   problem that we have here is we're saying all these names of

10  people here on trial and it's going to add confusion.  And for

11  what reason?  I don't really see there being much of a

12  difference if it's in there or not.

13      But then at the end of the trial, if this was -- you know,

14  other trials I've done, those acts may not survive into the

15  jury room anyways.  And so to answer your question, Your Honor,

16  I probably would have made the same objection then as I'm doing

17  now even in the beginning.

18          **THE COURT:**  I guess maybe the difference here is if

19  you look at Paragraphs Four and Six, which are the only

20  additional ones, that that evidence was presented during the

21  trial.  Whereas you might have cases where it doesn't get

22  present and then you probably would excise it.

23          **MR. AMBERG:**  My problem is I think with this idea

24  that those names are in there in such a way, I don't know, I

25  mean, it makes it looks like there's more people involved and

1   defendants and things like that, it just adds confusion to it.

2   We have the acts that were actually concentrated on in this

3   case that those are the ones:  One, two, three and five.  I

4   don't know.  I've made my argument.  Made my pitch, Your Honor.

5          **THE COURT:**  Okay.  Are the Defendants all in

6   agreement?

7          **MR. SABBOTA:**  Yes.

8          **THE COURT:**  Mr. Gleeson?

9          **MR. GLEESON:**  Yes, Your Honor.

10     My main concern is that the language about the allegations

11   and proving one or more, that's more of my concern than the

12   paragraphs themselves.

13          **MR. SABBOTA:**  And the notation that she's a victim.

14          **MR. COWEN:**  And we're fine with changing that to

15   "Taliyah Jackson" now that that evidence has been heard.

16          **MS. BRUNSON:**  And just to Mr. Gleeson's point, the

17   instruction that The Court already read about overt acts talks

18   about what the Government's burden is, at least one of the acts

19   need to be committed by a member of the conspiracy.  The

20   Government doesn't have any issue if you want to reiterate that

21   it has to be beyond a reasonable doubt.  That's our burden.

22          **THE COURT:**  When I read this standard instruction

23   it's hard for me to think that it doesn't contemplate that the

24   jury will get the overt acts as listed in the indictment.  And

25   I can see a case where if we didn't have any evidence of this

1   or the names were foreign, I might be inclined to not give

2   that.  But these two additional paragraphs, there was evidence

3   about.

4        So, in light of their question and looking at Pattern

5   Instruction 3.04, I am inclined to give them all of the overt

6   acts, but to include -- to remind them of the burdens of proof

7   because they're getting it in a more isolated fashion.  So, I'd

8   be inclined to -- and maybe because we have the Government's

9   proposed instruction and I don't have to start over, we could

10  just attach to the question or give them a sheet that again

11  says:

12       "The indictment alleges the following, colon," and then --

13  actually, Erica, we should have this.  If you go to page 33 of

14  the original proposed jury instructions which I think we have

15  on the "S" Drive.  Okay.  Just delete everything until you get

16  to the paragraph:  "In furtherance of the conspiracy," and

17  we'll get rid of the heading, too.  We're just going to give

18  them a sheet paper.

19       Okay.  Great.  So, then we'll put before that paragraph:

20  "The indictment alleges the following", and then new paragraph.

21  And you want to remove the D1, D2?  Okay, we can remove the

22  references.  And instead of, "Victim 1," we're going to put:

23  "Taliyah Jackson," T-A-L-I-Y-A.

24            **MS. BRUNSON:**  A-H.

25            **THE COURT:**  A-H.  That's in Paragraph One, Two --

1   It's in all of them.

2        And then after the bottom, the last paragraph.  Then the

3   last paragraph will say:  "The Government is only required to

4   prove, beyond a reasonable doubt, one overt act committed in

5   furtherance of the conspiracy."  Or maybe -- yeah, that won't

6   be a number.  Or we can put:  "As previously instructed . . ."

7   -- "As you were previously instructed," yeah.

8        And then let's let the counsel review that.  Just that

9   page.

10          **MR. GLEESON:**  Your Honor, would you like the

11   indictment back?

12          **THE COURT:**  You could keep that.

13                     (A brief pause)

14          **MR. SABBOTA:**  Paragraph one you still have Victim 1

15   in there.

16          **THE CLERK:**  Yeah, I just changed that.

17          **MR. SABBOTA:**  It's fine.

18          **MS. BRUNSON:**  And then just at the very last

19   paragraph we just think it should read:

20        "As you were previously instructed the Government is only

21   required to prove, beyond a reasonable doubt, one overt act was

22   committed in furtherance of the conspiracy."

23          **THE COURT:**  You have any objection to that?

24          **MR. GLEESON:**  I don't.  I wouldn't mind having only

25   --

**Jury Question #1**
**Monday/August 12, 2024**

1        **THE COURT:** I just took it right from the Standard

2  Instruction. That's right from 3.04.

3        **MS. BRUNSON:** All right. That's fine then.

4        **MR. COWEN:** If it's from that, then we defer to the

5  Pattern Instruction.

6        **MR. AMBERG:** I think it looks fine as is.

7        **THE COURT:** I took this from your, just track the

8  Pattern -- oh, and actually that does not. So, I don't have a

9  problem changing that.

10    So it -- the Pattern has the -- just has: "The Government

11  must prove at least one of these acts was committed by a member

12  of the conspiracy and that it was committed for the purpose of

13  advancing or helping the conspiracy."

14    And I think this sentence you took from the commentary, as

15  I recall.

16        **MR. COWEN:** Yes, I think that's one that we removed

17  from --

18        **THE COURT:** Yes, um --

19        **MR. GLEESON:** On behalf of Mr. Lewis, I prefer that

20  you use the actual instruction and not the commentary.

21        **THE COURT:** The Standard.

22        **MR. COWEN:** And that's fine with the Government as

23  well. It basically repeats the one we already gave them.

24        **THE COURT:** It doesn't include the, "Beyond a

25  reasonable doubt," because that's stated earlier.

**22-20519; United States of America v. Cortez Blake, Et Al**

1    **MR. GLEESON:**  On behalf of Mr. Lewis I think it

2    should be because of the point in time the instruction is being

3    given, they're asking specific questions about overt acts and

4    we're giving them what the Government alleges and they should

5    be proved.

6         **THE COURT:**  So, would you all be all right if I took

7    from the Standard Instruction:

8         "The Government must prove, beyond a reasonable doubt,

9    that at least one of these acts was committed by a member of

10   the conspiracy and that it was committed for the purpose of

11   advancing or helping the conspiracy"?

12        **MR. SABBOTA:**  That sounds good.

13        **MR. GLEESON:**  I agree.

14        **THE COURT:**  So, we can say, Erica:  "As previously

15   instructed," because they were.  That does come from the prior

16   instructions.  And then on the sheet I'm just going to say,

17   "Please, see the attached."

18                         (A brief pause)

19        **THE COURT:**  All right.  Thanks, everyone.  We'll go

20   back into recess.

21        **(A break was taken from 11:35 a.m. to 11:38 a.m.)**

22                         **-  -  -**

23        **(Back on the record at 11:38 a.m.)**

24        **THE CLERK:**  The Court recalls Case Number 22-20519;

25   United States versus Cortez Blake, Karamoh Turner and Nasir

1  Lewis.

2      Counsel, will you restate your appearances, for the

3  record.

4          **MR. COWEN:**  David Cowen and Jeanine Brunson, on

5  behalf of The United States.

6          **MR. SABBOTA:**  Jerome Sabbota, on behalf of Mr. Blake.

7          **MR. GLEESON:**  Gerald Gleeson, for Mr. Lewis.

8          **MR. AMBERG:**  Amberg, for Mr. Turner.

9                      **Jury Question #2**

10         **THE COURT:**  All right.  Thank you.  You all may be

11 seated.  We have another note from the jury and the note reads

12 as follows, quote:

13     **"Can we get Jillian Ganley's presentation PowerPoint?"**

14 End quote.

15         **MR. SABBOTA:**  I think the answer has to be yes.

16         **MR. AMBERG:**  No, it wasn't introduced as evidence.

17         **MR. SABBOTA:**  Right, that was not admitted.

18         **THE COURT:**  All right.  Mr. Cowen?  Ms. Brunson?

19         **MS. BRUNSON:**  It was a demonstrative exhibit.

20         **MR. COWEN:**  I guess to be careful, can we have a

21 moment to look at the commentary on that instruction just to

22 make sure?

23         **THE COURT:**  Yes.

24                      (Brief pause.)

25         **THE COURT:**  And we can take it one step at a time.

**Jury Question #2**
**Monday/August 12, 2024**

1    If the next question is:  "Can we come in the courtroom and

2    watch it?"  We can re-visit the issue.  But I think in terms of

3    giving it to them, you're all right, it was used as a

4    demonstrative and was not admitted as an exhibit.

5                    (A brief pause)

6         **MR. COWEN:**  Judge, I'm not seeing under 7.12

7    Commentary any guidance about whether they can see it again or

8    anything like that.  I mean --

9         **MR. AMBERG:**  Judge, I don't think they can.  It's not

10   an exhibit because it would have changed how I would have asked

11   questions if it was put in as an exhibit.

12                    (A brief pause)

13        **THE COURT:**  So, are you-all all right if I just

14   respond that:  "This was not admitted as a trial exhibit"?

15        **MR. SABBOTA:**  That's fine.

16        **MR. AMBERG:**  Yes.

17        **MS. BRUNSON:**  But I think, as The Court said in the

18   original instructions, that Ms. Ganley's testimony is evidence.

19        **THE COURT:**  Now, I can be more clear.  I could say:

20   "The PowerPoint presentation was not admitted as a trial

21   exhibit."  That's all I would say.

22        **MR. AMBERG:**  Because that's what they're asking for.

23        **THE COURT:**  Right.  "The PowerPoint presentation was

24   not admitted as a trial exhibit."  Anything further on this

25   one?  From the Government.

1          **MR. COWEN:**  I guess I would request that second

2   sentence just:  "Ms. Ganley's testimony about the PowerPoint is

3   the evidence you are to consider."  Just to clarify that.  I

4   think that's in line with the instruction they've already been

5   given.

6          **MR. AMBERG:**  I'd object to that.

7          **THE COURT:**  They've only asked for the PowerPoint so

8   I'd like to just confine the answer to just that.

9          **MR. COWEN:**  Fair enough.

10         **THE COURT:**  All right.  We'll send this back to the

11  jury and we'll be back in recess.

12         **(A break was taken from 11:44 a.m. to 2:35 p.m.)**

13                              **-  -  -**

14                      **(Back on the record)**

15         **THE CLERK:**  The court recalls Case Number 22-20519;

16  United States versus Cortez Blake, Karamoh Turner and Nasir

17  Lewis.

18     Will counsel please restate their appearances, for the

19  record?

20         **MR. COWEN:**  Good afternoon.  David Cowen and Jeanine

21  Brunson, on behalf of The United States.

22         **MR. SABBOTA:**  Jerome Sabbota, on behalf of Mr. Blake.

23         **MR. AMBERG:**  Jim Amberg, for Mr. Turner.

24         **MR. GLEESON:**  And Gerald Gleeson, for Mr. Lewis, Your

25  Honor.

1                    **Jury Question #3**

2         **THE COURT:**  All right.  Thank you.  We received a

3    note from the jury.  This one is very straight forward.  But I

4    did want you all to know about it.

5         It just says, quote:  **"Need a new verdict sheet for**

6    **Karamoh Turner."**  End quote.

7         So I am inclined to give them a new verdict form unless

8    anybody has strong objection.  From the Government?

9              **MR. COWEN:**  No objection.  Thank you.

10             **THE COURT:**  Defense?

11            **MR. SABBOTA:**  No objection.

12            **THE COURT:**  Okay.  We will provide them with a new

13   verdict form for Mr. Turner.  And we'll be back in recess.

14        And off the record.

15             **THE CLERK:**  All rise.  Court is now in recess.

16        **(A break was taken from 2:36 p.m. to 2:57 p.m.)**

17                        **-  -  -**

18             **(Back on the record at 2:57 p.m.)**

19             **THE CLERK:**  The court recalls Case Number 22-20519;

20   The United States versus Cortez Blake, Karamoh Turner and Nasir

21   Lewis.

22        Will counsel please state their appearances, for the

23   record.

24            **MR. COWEN:**  Good afternoon, Your Honor.  David Cowen

25   and Jeanine Brunson, on behalf of The United States.

1          **THE COURT:**  Good afternoon.

2          **MR. SABBOTA:**  Good afternoon.  Jerome Sabbota, with

3   Mr. Blake.

4          **MR. AMBERG:**  Good afternoon, Your Honor.  Good to see

5   you.  Jim Amberg, on behalf of Mr. Turner.

6          **MR. GLEESON:**  And Gerald Gleeson, on behalf of Mr.

7   Lewis, who's to my left.

8          **THE COURT:**  All right.  Thank you all.  We have

9   received a note indicating that a verdict has been reached.

10  So, we're going to bring the jury back in.

11                **(Jury in at 2:57 p.m.)**

12         **THE COURT:**  All right.  Thank you.  You-all may be

13  seated.

14     Good afternoon, ladies and gentlemen.  I understand that

15  The Jury has reached a verdict?

16         **THE JURY:**  Yes.

17         **THE COURT:**  Who will be speaking as your foreperson?

18             **(Juror indicates by raising hand)**

19         **THE COURT:**  All right.  Juror Number 7, has the jury

20  reached a unanimous verdict?

21         **JUROR #7:**  Yes, we have.

22         **THE COURT:**  And has the jury put that verdict on the

23  verdict forms?

24         **JUROR #7:**  Yes, we have.

25         **THE COURT:**  All right.  I'll ask that you please

1  provide those verdict forms to my clerk.  We're just going to

2  review the forms and then my clerk will publish or announce the

3  verdict.

4  (A brief pause)

5  **THE COURT:**  Okay.  I'm now going to ask my clerk to

6  please publish the verdict.

7  **Jury Verdict**

8  **Verdict: CORTEZ BLAKE, D1**

9  **THE CLERK:**  As to Count One of the Indictment,

10  Kidnapping Conspiracy, we, the jury, by unanimous verdict, find

11  the defendant, CORTEZ BLAKE:  **"Not Guilty."**

12  As to Count Two of the Indictment, kidnapping, aiding and

13  abetting, we, the jury, by unanimous verdict, find the

14  defendant, CORTEZ BLAKE:  **"Guilty."**

15  **(Defendant Blake weeping uncontrollably)**

16  **- - -**

17  **Verdict: KARAMOH TURNER, D2**

18  **THE CLERK:**  As to Count One of the Indictment,

19  Kidnapping Conspiracy, we, the jury, by unanimous verdict, find

20  the defendant, KARAMOH TURNER:  **"Not guilty."**

21  As to Count Two of the Indictment, kidnapping aiding and

22  abetting, we, the jury, by unanimous verdict, find the

23  defendant, KARAMOH TURNER:  **"Not guilty."**

24  **(Courtroom eruption by people sitting in Gallery)**

25  **THE COURT:**  Please.  Please.  Gentlemen.

1              (Defendant Blake loudly weeping uncontrollably)

2                              **- - -**

3                  **Verdict: NASIR LEWIS, D7**

4          **THE CLERK:**  As to Count One of the Indictment,

5    Kidnapping Conspiracy, we, the jury, by unanimous verdict, find

6    the defendant, NASIR LEWIS:  **"Not guilty."**

7        As to Count Two of the Indictment, aiding and abetting,

8    we, the jury, by unanimous verdict, find the defendant, NASIR

9    LEWIS:  **"Guilty."**

10          **(Courtroom outbursts from various people in Gallery)**

11              **DEFENDANT BLAKE:**  No!

12              **THE COURT:**  Mr. Blake, do you wish to remain in the

13   courtroom?

14              **DEFENDANT BLAKE:**  I did not do this, bro!  I did not

15   do this, bro!

16              **THE COURT:**  Mr. Blake --

17              **DEFENDANT BLAKE:**  I did not commit this crime!  I

18   didn't do this!  Please, I did not do this!

19              **THE COURT:**  Do you wish to remain in the courtroom --

20              **DEFENDANT BLAKE:**  I did not do this, bro!  I did not

21   commit this crime!

22              **THE COURT:**  Counsel, would you like me to have the

23   jurors polled?

24              **MR. SABBOTA:**  Yes.

25              **MR. GLEESON:**  Yes.

1          **DEFENDANT BLAKE:**  Please!  I did not do this!  I

2     didn't do this!

3                        **Polling of The Jury**

4          **THE COURT:**  All right.  Ladies and gentlemen of the

5     jury, I am going to poll you.  I'm going to ask each of you if

6     this is your individual verdict, in all respects.

7          And so Juror Number 1, is this your individual, in all

8     respects?

9          **JUROR #1:**  Yes, Your Honor.

10         **THE COURT:**  And Juror Number 2, is this your

11    individual verdict, in all respects?

12         **JUROR #2:**  Yes, it is.

13         **THE COURT:**  And Juror Number 3, is this your

14    individual verdict, in all respects?

15         **JUROR #3:**  Yes.

16                 **(Defendant Blake loudly weeping)**

17         **THE COURT:**  And Juror Number 4, is this your

18    individual, verdict in all respects?

19         **JUROR #4:**  Yes.

20         **THE COURT:**  And Juror Number 5, is this your

21    individual verdict, in all respects?

22         **JUROR #5:**  Yes.

23         **DEFENDANT BLAKE:**  No!

24         **MR. SABBOTA:**  Mr. Blake.

25         **THE COURT:**  And Juror Number 6, is this your

**Polling of The Jury**
**Thursday/August 1, 2024**

28

1  individual verdict, in all respects?

2  **JUROR #6:**  Yes, Your Honor.

3  **THE COURT:**  And Juror Number 7, is this your

4  individual verdict, in all respects?

5  **JUROR #7:**  Yes.

6  **THE COURT:**  And Juror Number 8, is this your

7  individual verdict, in all respects?

8  **JUROR #8:**  Yes.

9  **DEFENDANT BLAKE:**  I didn't do this, bro!

10  **THE COURT:**  And Juror Number 9, is this your

11  individual verdict, in all respects?

12  **JUROR #9:**  Yes.

13  **THE COURT:**  And Juror Number 10, is this your

14  individual verdict, in all respects?

15  **JUROR #10:**  Yes.

16  **THE COURT:**  And Juror Number 11, is this your

17  individual verdict, in all respects?

18  **JUROR #11:**  Yes.

19  **DEFENDANT BLAKE:**  Oh, my God, bro!

20  **THE COURT:**  And Juror Number 13, is this your

21  individual verdict, in all respects?

22  **JUROR #13:**  Yes.

23  **THE COURT:**  All right.  The polling does reveal that

24  it is a unanimous verdict as to all three of the defendants.

25  So, I am going to direct the Clerk to file and record the

1   verdict.

2       And at this time, with The Court's most sincere gratitude

3   and appreciation for your dedication and service, I am going to

4   discharge the jurors.  I would ask, if you don't mind, if you

5   would wait in the jury room for a few minutes, please?  And

6   thank you again for your service.

7                   **(Jury out at 3:02 p.m.)**

8                           **- - -**

9       **DEFENDANT BLAKE:**  This is my life, man.

10      (Defendant Blake weeping and talking uncontrollably)

11      **THE COURT:**  You-all may be seated.  Let's give

12  Mr. Blake a moment.

13      **DEFENDANT BLAKE:**  There's no way!

14                      (Brief pause.)

15      **THE COURT:**  All right.  What I'd like to do for

16  Mr. Blake and Mr. Lewis is I'm going to schedule this matter

17  for sentencing for December 19th at 2:00 p.m.  I'm going to

18  schedule them together.  Obviously, I'll sentence them

19  individually, but I plan to have the sentencing proceedings

20  together.

21      **DEFENDANT BLAKE:**  I didn't do that, bro.

22      **THE COURT:**  And I do require sentencing memos no

23  later than one week before the sentencing.  Those would be due

24  by December 12th.

25      And then with respect to Mr. Turner, who has been

**22-20519; United States of America v. Cortez Blake, Et Al**

1   acquitted, Mr. Cowen or Ms. Brunson, or Mr. Amberg, what would
2   be your sense as to the next steps here?
3            **MR. AMBERG:**  We're in a weird situation because we
4   have another case.
5            **MS. BRUNSON:**  Right.
6            **MR. AMBERG:**  I think -- does that?
7            **MS. BRUNSON:**  Do you know what his -- can we talk
8   about that a hot second?
9            **MR. AMBERG:**  He's acquitted of this, so I would say
10  that he should be released immediately.  That's my position.
11  But I'm not sure that --
12           **THE COURT:**  What's the order in the other case?
13           **MR. AMBERG:**  That's what I don't know right now.
14           **THE COURT:**  I can look it up.
15           **MR. AMBERG:**  It probably is.  I think that is also
16  with Your Honor, but that case -- I mean, he's done enough
17  time, I think he would have done his whole entire sentence on
18  that case.
19           **THE COURT:**  There would have to be some motion.
20           **MR. AMBERG:**  I'm going to file.  I'll file a motion.
21  We can file.  I think we can talk.  But I'll file a motion.
22           **THE COURT:**  Well, let's see what the status is.
23                         (A brief pause)
24           **THE COURT:**  Yes, there's a consent order of detention
25  from November 8 of 2022, and we've got a final pretrial on

1 | August 20th.  So, I think -- I guess, yes, he is still under a
2 | detention order.

3 |         **MR. AMBERG:**  And I'll file a motion, but I'll have a
4 | chance to speak with the Government and we can figure this out.

5 |         **THE COURT:**  All right.  Very good.  Then is there
6 | anything further we need to do on this matter today?  Anything
7 | for the Government.

8 |         **MR. COWEN:**  No, Your Honor.  Thank you for your time.

9 |         **THE COURT:**  And anything for the Defense?

10 |         **MR. SABBOTA:**  None on behalf of Mr. Blake.

11 |         **THE COURT:**  And for Mr. Turner?

12 |         **MR. AMBERG:**  None.

13 |         **THE COURT:**  And for Mr. Lewis?

14 |         **MR. GLEESON:**  None.

15 |         **THE COURT:**  All right.  Thank you-all.  We will be
16 | adjourned.

17 |         **(Whereupon proceedings concluded at 3:07 p.m.)**

18 |                         -  -  -

19 |

20 |

21 |

22 |

23 |

24 |

25 |

```
 1
 2
 3                         -   -   -
 4                  C E R T I F I C A T I O N
 5          I, Nefertiti A. Matthews, official court reporter
 6     for the United States District Court, Eastern District of
 7     Michigan, Southern Division, appointed pursuant to the
 8     provisions of Title 28, United States Code, Section 753,
 9     do hereby certify that the foregoing is a correct
10     transcript of the proceedings in the above-entitled cause
11     on the date hereinbefore set forth.
12          I do further certify that the foregoing
13     transcript has been prepared by me or under my direction.
14
15   Date: August 13, 2024
16
17   s:/Nefertiti A. Matthews
     Nefertiti A. Matthews,
18   Official Court Reporter
19                         -   -   -
20
21
22
23
24
25
```